UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
 §
Richard Siggins § Case No. 13-27870
Therese Siggins §
 §
 §
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada, Chapter 7 Trustee_____
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-27870 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Richard Siggins | | | | Date Filed (f) or Converted (c): | 07/11/2013 (f) |
| | Therese Siggins | | | | 341(a) Meeting Date: | 08/06/2013 |
| For Period Ending: | 04/28/2015 | | | | Claims Bar Date: | 11/15/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Residence: 22839 Sun River Point Frankfort, Il 60423 | 294,378.00 | 0.00 | | 47,500.00 | FA |
| 2. Vacant Lot Of Land 8918 Elm Lane Athens, Tn 37303 Debtors Wi | 15,000.00 | 0.00 | | 0.00 | FA |
| 3. Vacant Lot Of Land 8919 Elm Lane Athens, Tn 37303 Debtors Wi | 15,000.00 | 0.00 | | 0.00 | FA |
| 4. Cash On Hand | 100.00 | 0.00 | | 0.00 | FA |
| 5. Bank Of America Checking Account | 197.50 | 0.00 | | 0.00 | FA |
| 6. Chase Checking Account | 1,250.00 | 0.00 | | 0.00 | FA |
| 7. Chase Money Market Savings Account | 9.99 | 0.00 | | 0.00 | FA |
| 8. Miscellaneous Household Goods And Furnishing | 2,000.00 | 0.00 | | 0.00 | FA |
| 9. Miscellaneous Clothing, Shoes, And Accessories | 800.00 | 0.00 | | 0.00 | FA |
| 10. Gold Wedding Bands | 1,000.00 | 0.00 | | 0.00 | FA |
| 11. Pension Plan Through Employer Lenox Dental | 5,000.00 | 0.00 | | 0.00 | FA |
| 12. 401(K) With Wireless Vision | 500.00 | 0.00 | | 0.00 | FA |
| 13. Tax Refund | 1,428.00 | 0.00 | | 0.00 | FA |
| 14. 2001 Chevrolet Monte Carlo W/ 150,000 Miles | 4,250.00 | 0.00 | | 0.00 | FA |
| 15. 2009 Chevrolet Traverse W/ 60,000 Miles | 8,500.00 | 926.41 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)     $349,413.49     $926.41     $47,500.00     $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor disclosed interest in real property (primary residence); Trustee researched value of home; Trustee's value significantly higher than value disclosed in Schedules; Trustee hired broker to market and sell the property; Debtor disputed value of home; Trustee and Debtor agree in principal to Debtor buying out estate's interest in the real estate.

Motion to Approve Compromise approved; Debtor to make three installment payments of $6875 quarterly starting March 30, 2014; All outstanding amounts due December 31, 2014 - Joji Takada 4/9/2014

Debtor making installment payments pursuant to compromise. - Joji Takada 7/30/2014

Debtor making installment payments pursuant to compromise. - Joji Takada 11/30/2014

Debtor has made all payments relating to compromise; Trustee contact creditor re secured claim filed in case and amending claim to cover deficiency. - Joji Takada 2/9/2015

Trustee confirming with accountant whether a tax return is necessary. - Joji Takada 3/17/2015

Initial Projected Date of Final Report (TFR): 07/11/2014     Current Projected Date of Final Report (TFR): 07/11/2015

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD                                   Exhibit B

| | |
|---|---|
| Case No: 13-27870 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Richard Siggins | Bank Name: Associated Bank |
| Therese Siggins | Account Number/CD#: XXXXXX9884 |
| | Checking |
| Taxpayer ID No: XX-XXX0698 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 04/28/2015 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/26/15 | | Transfer from Acct # xxxxxx8117 | Transfer of Funds | 9999-000 | $47,189.38 | | $47,189.38 |
| 02/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.31 | $47,178.07 |
| 03/02/15 | 1001 | Arthur B Levine Company 4501 Cartwright Road, Suite 402 Missouri City, Texas 77459 | Blanket bond payment to Adams Levine | 2300-000 | | $51.75 | $47,126.32 |
| 03/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $63.34 | $47,062.98 |
| 04/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $69.99 | $46,992.99 |

| | | |
|---|---|---|
| COLUMN TOTALS | $47,189.38 | $196.39 |
| Less: Bank Transfers/CD's | $47,189.38 | $0.00 |
| Subtotal | $0.00 | $196.39 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $196.39 |

Page Subtotals:            $47,189.38         $196.39

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 13-27870 | Trustee Name: Joji Takada, Chapter 7 Trustee | |
| Case Name: Richard Siggins | Bank Name: The Bank of New York Mellon | |
| Therese Siggins | Account Number/CD#: XXXXXX8117 | |
| | Checking | |
| Taxpayer ID No: XX-XXX0698 | Blanket Bond (per case limit): $5,000,000.00 | |
| For Period Ending: 04/28/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/05/14 | 1 | Richard Siggins | Settlement payment | 1110-000 | $10,000.00 | | $10,000.00 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.55 | $9,989.45 |
| 04/09/14 | 1 | Therese Siggins | Installment Payment Quarterly payment per Compromise re primary residence | 1110-000 | $6,875.00 | | $16,864.45 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $20.96 | $16,843.49 |
| 06/06/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $25.04 | $16,818.45 |
| 07/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $24.20 | $16,794.25 |
| 07/18/14 | 1 | Therese Siggins | Settlement payment Installment payment re compromise of real estate | 1110-000 | $6,875.00 | | $23,669.25 |
| 08/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $28.27 | $23,640.98 |
| 09/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $35.15 | $23,605.83 |
| 10/02/14 | 1 | Therese Siggins | Settlement payment Installment payment for compromise re: primary residence | 1110-000 | $6,875.00 | | $30,480.83 |
| 10/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.97 | $30,446.86 |
| 11/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $43.61 | $30,403.25 |
| 12/05/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $43.74 | $30,359.51 |
| 01/05/15 | 1 | Therese Siggins | Settlement payment Installment payment per compromise re primary residence | 1110-000 | $16,875.00 | | $47,234.51 |

Page Subtotals: $47,500.00  $265.49

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 13-27870 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Richard Siggins | Bank Name: The Bank of New York Mellon |
| Therese Siggins | Account Number/CD#: XXXXXX8117 |
| | Checking |
| Taxpayer ID No: XX-XXX0698 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 04/28/2015 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/08/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $45.13 | $47,189.38 |
| 01/26/15 | | Transfer to Acct # xxxxxx9884 | Transfer of Funds | 9999-000 | | $47,189.38 | $0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $47,500.00 | $47,500.00 |
| Less: Bank Transfers/CD's | $0.00 | $47,189.38 |
| Subtotal | $47,500.00 | $310.62 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $47,500.00 | $310.62 |

Page Subtotals: $0.00 $47,234.51

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8117 - Checking | $47,500.00 | $310.62 | $0.00 |
| XXXXXX9884 - Checking | $0.00 | $196.39 | $46,992.99 |
| | $47,500.00 | $507.01 | $46,992.99 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $47,500.00 |
| Total Gross Receipts: | $47,500.00 |

Page Subtotals:   $0.00   $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-27870  
Debtor Name: Richard Siggins  
Claims Bar Date: 11/15/2013  

Date: April 28, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $5,500.00 | $5,500.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $12.83 | $12.83 |
| 1 300 7100 | Regions Bank<br>P O Box 11407 Drawer 550<br>Birmingham, AL 35246-0550 | Unsecured | | $0.00 | $38,387.08 | $38,387.08 |
| 2 300 7100 | Regions Bank<br>P O Box 11407 Drawer 550<br>Birmingham, AL 35246-0550 | Unsecured | | $0.00 | $48,436.56 | $48,436.56 |
| 3 300 7100 | N. A. Capital One Bank (Usa)<br>Capital One Bank (Usa), N.A.<br>By American Infosource Lp As Agent<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $2,530.00 | $2,829.99 | $2,829.99 |
| 4 300 7100 | N. A. Capital One<br>Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $1,000.00 | $1,565.64 | $1,565.64 |
| 5 300 7100 | Ecast Settlement Corporation, Assignee<br>Of Chase Bank Usa, N.A.<br>Pob 29262<br>New York, Ny 10087-9262 | Unsecured | | $10,408.00 | $12,422.42 | $12,422.42 |
| 6 300 7100 | Fsb American Express Bank<br>American Express Bank, Fsb<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $9,055.68 | $9,055.68 |
| 7 300 7100 | Ginsberg Jacobs Llc<br>300 S. Wacker Drive<br>Ste 2750<br>Chicago, Il 60606 | Unsecured | | $53,785.09 | $53,785.09 | $53,785.09 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-27870  
Debtor Name: Richard Siggins  
Claims Bar Date: 11/15/2013  
Date: April 28, 2015

| Code# | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 8 300 7100 | L. L. C. Inland Hickory Creek<br>Inland Hickory Creek, L.L.C.<br>Swanson, Martin & Bell Llp<br>Attn: Joseph P Kincaid<br>330 N Wabash Ste 3300<br>Chicago Il 60611 | Unsecured | | $20,992.50 | $24,864.77 | $24,864.77 |
| | Case Totals | | | $88,715.59 | $196,860.06 | $196,860.06 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2                              Printed: April 28, 2015

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-27870
Case Name: Richard Siggins
         Therese Siggins
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance                                        $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Regions Bank | $ | $ | $ |
| 2 | Regions Bank | $ | $ | $ |
| 3 | N. A. Capital One Bank (Usa) | $ | $ | $ |
| 4 | N. A. Capital One | $ | $ | $ |
| 5 | Ecast Settlement Corporation, Assignee | $ | $ | $ |
| 6 | Fsb American Express Bank | $ | $ | $ |
| 7 | Ginsberg Jacobs Llc | $ | $ | $ |
| 8 | L. L. C. Inland Hickory Creek | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE